UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH WINSTON ASHFORD, | : CIVIL NO: 1:10-CV-00264 |
| Plaintiff | : |
| | : (Judge Conner) |
| v. | : |
| | : (Magistrate Judge Smyser) |
| SHERIFF SHAWN BRADY, | : |
| SHERIFF JOHN D. BRENNEMAN, | : |
| DEPUTY SHERIFF LEAS, | : |
| DEPUTY RODGER JOHNSON, | : |
| DEPUTY CPL MCCUNE, | : |
| JOHN DOES and | : |
| SHERIFF CYPRIAN IGWE, | : |
| Defendants | : |

**REPORT AND RECOMMENDATION**

The plaintiff, a state prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint on February 4, 2010.

The complaint names as defendants the following individuals identified as members of the Sheriff's Office of York County: 1) Shawn Brady; 2) John D. Brenneman; 3) Deputy Leas; 4) Rodger Johnson; 5) Deputy McCune; and 6) Cyprian Igwe.[1]

---

1. The caption of the complaint also lists John Does as defendants. However, the body of the complaint does not mention
(continued...)

The plaintiff alleges the following in his complaint.

On March 17, 2008 at about 3:00 a.m., defendant Brady approached the plaintiff while the plaintiff was walking down the alley next to the York County Courthouse. Defendant Brady exited his vehicle, deployed his baton and ordered the plaintiff to the ground. The plaintiff proceeded to lay on the ground and defendant Brady sat on his back and handcuffed him. Defendant Brady then struck the plaintiff on the head rendering the plaintiff unconscious. The incident was recorded on a surveillance tape.[2]

Defendant Brenneman "surveilled" the plaintiff the whole time.[3] Defendant Brenneman entered into a conspiracy[4] to frame the plaintiff for an attempted burglary of the York County Courthouse even though he knew that the person who was

---

1. (...continued)
any John Does.

2. The plaintiff alleges that the "incident is on surveillance." The plaintiff later mentions a surveillance tape. Construing the allegations of the complaint liberally, we construe the allegation to mean that the incident was recorded on a surveillance tape.

3. The meaning of this allegation is not clear.

4. The plaintiff does not allege with whom defendant Brenneman allegedly conspired.

at the courthouse door is caucasian and that the plaintiff is black.

While in the booking area, the plaintiff was awakened by being punched in the chest by defendant Leas. Defendant Leas lifted the plaintiff off the floor choking the plaintiff with the plaintiff's sweatshirt. Defendant Leas then lowered the plaintiff to his toes and slammed the plaintiff's face into an elevator wall. There is a video of this incident.

Defendant Johnson received copies of the surveillance tape and failed to report the assault[5] on the plaintiff or the frame up of the plaintiff.

Defendant McCune altered the surveillance tape and tampered with evidence to obtain a conviction. The plaintiff's mother has a DVD of the assault and frame up.

Defendant Igwe collected evidence near the courthouse door. Defendant Igwe testified that he took a hat, gloves and

---

5. It is not clear whether the plaintiff is referring to the alleged assault by defendant Brady or to the alleged assault by defendant Leas.

3

a screwdriver to booking to be logged as evidence. The hat and gloves have been destroyed so that the plaintiff could not have DNA tests performed to prove his innocence.[6]

As relief, the plaintiff is seeking to have the "sheriffs" removed from their positions. In addition, the plaintiff is seeking compensatory damages for assault, excessive force, failure to intervene when excessive force was being used, framing the plaintiff for a crime of which he is innocent and tampering with and altering evidence.

By an Order dated February 23, 2010, we granted the plaintiff's application to proceed in forma pauperis and we reviewed the complaint pursuant to 28 U.S.C. § 1915A. After setting forth the pleading standard under Fed.R.Civ.P. 8(a)(2), we reviewed the plaintiff's claims as follows:

> The plaintiff's complaint raises Fourth Amendment excessive force claims.

---

6. The plaintiff has not alleged that defendant Igwe was responsible for the destruction of the evidence. It is not clear whether the plaintiff is alleging that the hat and gloves were destroyed in order to prevent him from conducting DNA tests on them or merely that because the hat and gloves have been destroyed he was prevented from conducting DNA tests.

4

The Fourth Amendment protects a citizen against unreasonable use of force in connection with an arrest, investigatory stop or other seizure. *Graham v. Connor*, 490 U.S. 386 (1989). The question under the Fourth Amendment is whether the officer's use of force was objectively reasonable under the circumstances. *Id*. at 397. "[E]xcessive force in the course of an arrest is properly analyzed under the Fourth Amendment, not under substantive due process." *Abraham v. Raso,* 183 F.3d 279, 288 (3d Cir. 1999).

The complaint alleges that defendants Brady and Leas used force on the plaintiff which could be construed as excessive. Accordingly, we conclude that the complaint states a Fourth Amendment excessive force claim upon which relief may be granted against defendants Brady and Leas.

The plaintiff indicates in his complaint that he is seeking monetary damages for the failure of some defendant(s) to intervene when another defendant was using excessive force. However, the plaintiff has not identified the defendant or defendants who allegedly failed to intervene. The plaintiff alleges that defendant Brenneman "surveilled" the plaintiff the whole time. However, the meaning of this allegation is not clear. It is not clear from this allegation whether or not the plaintiff is alleging that defendant Brenneman observed the alleged excessive use of force by defendant Brady. It is unclear whether in using the term "surveilled" the plaintiff is alleging that defendant Brenneman observed the alleged excessive use of force by defendant Brady. It is not clear whether he is alleging that defendant Brenneman was in a position to intervene to stop the alleged excessive use of force. The plaintiff also alleges that defendant Johnson received copies of the surveillance tape and failed to report the

5

assault on the plaintiff. The fact that a defendant witnessed an assault on tape does not of course lead to a reasonable inference that the defendant was in a position to stop the assault. The allegations of the complaint are not clear with respect to which defendant or defendants may have been in a position to intervene to stop the alleged use of excessive force against the plaintiff, and as to the nature of the plaintiff's claim(s) as to each defendant. The complaint does not provide fair notice of the basis of a Fourth Amendment failure to intervene claim. Accordingly, we conclude that the complaint does not state a Fourth Amendment failure to intervene claim upon which relief may be granted.

Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915A, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3rd Cir. 2002).

We will grant the plaintiff leave to file an amended complaint, if appropriate, to attempt to state a Fourth Amendment failure to intervene claim upon which relief may be granted as to one or more particular defendant(s).

The complaint is also construed as containing Fourth Amendment malicious prosecution claims. However, those claims are barred by the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck v. Humphrey*, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a

conviction or sentence invalid, a Section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such [a] determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. 477, 486-87 (1994)(footnote omitted). Even if a plaintiff has exhausted available state remedies the plaintiff has no cause of action under § 1983 unless and until the conviction. or sentence is reversed, expunged, invalidated, or impugned by the granting of a writ of habeas corpus. *Id.* at 489. "[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of the confinement or its duration." *Wilkinson v. Dotson,* 544 U.S. 74, 81-82 (2005).

In the instant case, the plaintiff alleges that defendant Brenneman entered into a conspiracy to frame him, that defendant Johnson failed to report the frame up of the plaintiff, that defendant McCune altered the surveillance tape and tampered with evidence to obtain a conviction and that evidence collected by defendant Igwe was destroyed. The plaintiff is seeking compensatory damages for the framing of him for a crime of which he is innocent and tampering with and altering evidence. Success on the plaintiff's claims that the defendants framed him and tampered with and destroyed evidence would necessarily demonstrate the invalidity of his conviction. Therefore, those claims are not cognizable unless or until his conviction has been set aside. The plaintiff has not alleged that his

7

conviction has been set aside. Accordingly, these claims are barred by *Heck*.

We note that a false arrest/false imprisonment claim is not necessarily barred by *Heck*. *See Gibson v. Superintendent of N.J. Dept. Of Law & Publ Safety Div. Of State Police*, 411 F.3d 427, 449-452 (3d Cir. 2005)(adopting a fact-based approach for determining whether false arrest claims are barred by *Heck*); *Montgomery v. DeSimone*, 159 F.3d 120, 126 n.5 (3d Cir. 1998)("Because a conviction and sentence may be upheld even in the absence of probable cause for the initial stop and arrest, we find that Montgomery's claims for false arrest and false imprisonment are not the type of claims contemplated by the Court in *Heck* which necessarily implicate the validity of a conviction or sentence."). "False arrest and false imprisonment overlap; the former is a species of the latter." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Together false arrest and false imprisonment are referred to as false imprisonment. *Id.* at 389. False imprisonment refers to detention without legal process. *Id.* "Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held *pursuant to such process* - when, for example, he is bound over by a magistrate or arraigned on charges." *Id.* (italics in original). "Thereafter, unlawful detention forms part of the damages for the 'entirely distinct' tort of malicious prosecution, which remedies detention accompanied, not by absences of legal process, but by *wrongful institution* of legal process." *Id.* at 390 (italics in original)(quoting W. Keeton, D. Dobbs, R. Keeton & D. Owen, Prosser and Keeton on Law of Torts § 119, p. 888 (5th ed. 1984)).

Given the plaintiff's assertion that he is seeking compensatory damages for the

8

> defendants' framing of him for a crime of
> which he is innocent and tampering with and
> altering evidence, it appears that the
> plaintiff is seeking damages for his
> conviction. Thus, we have construed the
> plaintiff's claims as Fourth Amendment
> malicious prosecution claims, and we do not
> construe the complaint as raising a Fourth
> Amendment false arrest/false imprisonment
> claim. Nevertheless, since the plaintiff will
> be granted leave to file an amended complaint,
> if he intended to present a false arrest/false
> imprisonment claim he should clearly plead
> such a claim in any amended complaint he
> files.

*Doc. 10* at 7-14 (footnote omitted).

We ordered that the plaintiff may file an amended complaint on or before March 24, 2010. *Id.* at 14. We stated that, if the plaintiff fails to file an amended complaint, we will direct that the complaint be served on defendants Brady and Leas and we will recommend that all claims in the complaint be dismissed except the excessive force claims against defendants Brady and Leas. *Id.* at 15.

The plaintiff has not file an amended complaint. Accordingly, it is recommended that all of the plaintiff's claims against all of the defendants be dismissed except the plaintiff's Fourth Amendment excessive force claims against

9

defendants Brady and Leas.[7]  It is further recommended that the case be remanded to the undersigned for further proceedings.

                                         /s/ J. Andrew Smyser
                                         J. Andrew Smyser
                                         Magistrate Judge

Dated: April 5, 2010.

---

7. By a separate Order, we have directed that the complaint be served on defendants Brady and Leas.

10