# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KENNETH WINSTON ASHFORD,** : | CIVIL ACTION NO. 1:10-CV-0264 |
| **Plaintiff** : | (Judge Conner) |
| v. : | |
| **SHERIFF SHAWN BRADY,** : | |
| **SHERIFF JOHN D. BRENNEMAN,** : | |
| **DEPUTY SHERIFF LEAS, DEPUTY** : | |
| **RODGER JOHNSON, DEPUTY CPL.** : | |
| **MCCUNE, JOHN DOES, and** : | |
| **SHERIFF CYPRIAN IGWE,** : | |
| **Defendants** : | |

## ORDER

AND NOW, this 5th day of May, 2010, upon consideration of the report of the magistrate judge (Doc. 12), recommending that the Fourth Amendment excessive force claim levied by plaintiff Kenneth Winston Ashford ("Ashford") be allowed to proceed, but that Ashford's failure to intervene, malicious prosecution, and false arrest claims be dismissed, and, following an independent review of the record, it appearing that Ashford's complaint alleges that he was arrested and beaten by defendant Shawn Brady, and that he was struck in the chest and choked by defendant Deputy Sheriff Leas, (see id. at 2-3), but that the other defendants simply observed these events and did not intervene, (see id. at 5-6); see also Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) ("A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing."), and it further appearing that, by virtue of his criminal conviction, Ashford's

malicious prosecution claim is barred by the favorable termination rule, see Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), and that Ashford's complaint does not state a separate claim for false arrest or false imprisonment, (see Doc. 12 at 7-9), and recognizing that Ashford was permitted leave to amend those claims found to be deficiently pled, but that he elected not to do so, and further recognizing that plaintiff has not filed objections to the magistrate judge's report and recommendation, and the court concluding that there is no clear error on the face of the record,[1] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby

ORDERED that:

---

[1] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.

1. The report and recommendation (Doc. 12) of the magistrate judge is ADOPTED. The Fourth Amendment excessive force claims levied against defendants Shawn Brady and Sheriff Leas may PROCEED. The claims alleging (1) failure to intervene, (2) malicious prosecution, and (3) false arrest or false imprisonment are DISMISSED. The Clerk of Court is instructed to TERMINATE defendants John Brenneman, Rodger Johnson, Deputy McCune, John Does, and Cyprian Igwe as parties in the above-captioned matter.

2. The above-captioned case is REMANDED to the magistrate judge for further proceedings.

       S/ Christopher C. Conner
      CHRISTOPHER C. CONNER
      United States District Judge