UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KENNETH WINSTON ASHFORD, : CIVIL NO: 1:10-CV-00264
:
    Plaintiff :
: (Judge Conner)
  v. :
: (Magistrate Judge Smyser)
:
SHERIFF SHAWN BRADY and :
DEPUTY SHERIFF LEAS, :
:
    Defendants :

## REPORT AND RECOMMENDATION

    The plaintiff, a state prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint on February 4, 2010. By an Order dated February 23, 2010, we granted the plaintiff's application to proceed *in forma pauperis*.

    The complaint names as defendants the following individuals identified as members of the Sheriff's Office of York County: 1) Shawn Brady; 2) John D. Brenneman; 3) Deputy Leas; 4) Rodger Johnson; 5) Deputy McCune; and 6) Cyprian Igwe.[1]

    By an order dated May 5, 2010, all of the plaintiff's claims against all of the defendants were dismissed except the plaintiff's Fourth Amendment excessive force claims against defendants Brady and Leas.

---

1. The caption of the complaint also lists John Does as defendants. However, the body of the complaint does not mention any John Does.

The plaintiff alleges the following in his complaint with regard to defendants Brady and Leas.

On March 17, 2008 at about 3:00 a.m., defendant Brady approached the plaintiff while the plaintiff was walking down the alley next to the York County Courthouse. Defendant Brady exited his vehicle, deployed his baton and ordered the plaintiff to the ground. The plaintiff proceeded to lay on the ground and defendant Brady sat on his back and handcuffed him. Defendant Brady then struck the plaintiff on the head rendering the plaintiff unconscious. The incident was recorded on a surveillance tape.[2]

At a later time, while the plaintiff was in the booking area, he was awakened by being punched in the chest by defendant Leas. Defendant Leas lifted the plaintiff off the floor choking the plaintiff with the plaintiff's sweatshirt. Defendant Leas then lowered the plaintiff to his toes and slammed the plaintiff's face into an elevator wall. There is a video of this incident.

As relief, the plaintiff is seeking compensatory damages and to have the defendants removed from their positions.

---

2. The plaintiff alleges that the "incident is on surveillance." The plaintiff later mentions a surveillance tape. Construing the allegations of the complaint liberally, we construe the allegation to mean that the incident was recorded on a surveillance tape.

On August 5, 2010, defendants Brady and Leas filed a motion for summary judgment, a statement of material facts, a brief and documents in support. On September 7, 2010, the plaintiff filed a response.

Summary judgment is appropriate if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). With respect to an issue on which the nonmoving party bears the burden of proof, the moving party may discharge that burden by "'showing'-- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Once the moving party has met its burden, the nonmoving party may not rest upon the mere allegations or denials of its pleading; rather, the nonmoving party must "set out specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e)(2).

A material factual dispute is a dispute as to a factual issue the determination of which will affect the outcome of the trial under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

Summary judgment is not appropriate when there is a genuine dispute about a material fact. *Id.* at 248. A dispute as to an issue of fact is "'genuine' only if a reasonable jury, considering the evidence presented, could find for the non-moving party." *Childers v. Joseph*, 842 F.2d 689, 693-94 (3d Cir. 1988). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). "If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Anderson, supra,* 477 U.S. at 249-50. In determining whether a genuine issue of material fact exists, the court must consider all evidence in the light most favorable to the non-moving party. *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir. 1988).

At the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter, but is to determine whether there is a genuine issue for trial. *Anderson, supra,* 477 U.S. at 249. The proper inquiry of the court in connection with a motion for summary judgment "is the threshold inquiry of determining whether there is the need for a trial - whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex, supra*, 477 U.S. at 322. "Under such circumstances, 'there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.'" *Anderson v. CONRAIL*, 297 F.3d 242, 247 (3d Cir. 2002)(quoting *Celotex, supra*, 477 U.S. at 323).

The plaintiff's remaining claims are excessive force claims. When "the excessive force claim arises in the context of

an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment, which guarantees citizens the right 'to be secure in their persons... against unreasonable... seizures' of the person." *Graham v. Connor*, 490 U.S. 386, 394 (1989). The standard that should be used to analyze such a claim is one of reasonableness. *Id*. at 395. Under this standard, a court must determine whether, in light of the facts and circumstances confronting them, the actions of the officers were objectively reasonable. *Curley v. Klem*, 298 F.3d 271, 279 (3d Cir. 2002). No regard is given to the underlying intent or motivation of the officers. *Id*.

Along with their motion for summary judgment and brief in support, the defendants have presented numerous affidavits and depositions, including those of several other officers and employees of the York County Sheriff's department who witnessed various overlapping events during the arrest of the plaintiff, the emergency personnel that examined the plaintiff and took him to the hospital, the physician that treated the plaintiff at the hospital, and the plaintiff's mother. The defendants have also presented ambulance and hospital records relating to the incident complained of by the plaintiff. From the documentation presented by the defendants a reasonable finder of fact could find that: the

6

plaintiff was arrested without a struggle; the plaintiff was not beaten by either of the defendants; defendant Leas, a trained emergency medical technician, performed a procedure called a sternum rub on the plaintiff at a point after the plaintiff was detained because the plaintiff was unresponsive; when plaintiff did ask for medical assistance later in the morning after his arrest it was provided; the plaintiff sustained no injuries to his head or face and; the plaintiff suffered only minor bruising to his chest, consistent with a sternum rub.

In response to the defendants' motion for summary judgment, the plaintiff offers a portion of the transcript of defendant Brady's testimony at a preliminary hearing on April 17, 2008 in order to support the claim that defendant Brady used his baton to render the plaintiff comatose. Defendant Brady testified that, although he had engaged his baton, at no time did he have to use it because the plaintiff went directly down to the ground. *Doc. 29*, at 6. Defendant Brady further testified that the plaintiff would not speak and "went comatose, like blank." *Id*. The plaintiff also points to a section of the transcript in which defendant Brady states that the plaintiff "kept his eyes closed pretty much the whole night" as evidence substantiating his excessive force claims.

The plaintiff also presents his own affidavit describing a very different version of the events surrounding his arrest than the version advanced by the defendants. The plaintiff's affidavit attests to the facts that the plaintiff alleged in his complaint; that is, that he was physically assaulted by both defendant Brady and defendant Leas during his arrest and detention. The plaintiff asserts that there is video documentation of the events, but he has not submitted any such video evidence.

In determining whether a genuine issue of material fact exists, we must consider all of the evidence in the light most favorable to the plaintiff. The plaintiff has presented evidence that supports his claim. Although the defendants have presented a significant amount of evidence to the contrary, this court may not judge the credibility of such evidence on a motion for summary judgment. The plaintiff and the defendants have presented two very different versions of the events surrounding the plaintiff's arrest. Genuine issues of material fact concerning what happened exist in the instant case.

The defendants also assert that their motion for summary judgment should be granted because they are entitled to qualified immunity from the plaintiff's claims.

"Qualified immunity is a complete immunity from suit, not just a defense to liability, and is considered at the earliest possible stage of proceedings, apart from the analysis of the underlying claim itself." *Giles v. Kearney*, 571 F.3d 318, 325-26 (3d Cir. 2009). Qualified immunity shields government officials from "liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

There are two steps to analyzing qualified immunity. *Williams v. Bitner*, 455 F.3d 186, 190 (3d Cir. 2006). The court must determine: 1) whether the facts alleged, viewed in the light most favorable to the plaintiff, "show that the defendant's conduct violated a constitutional or statutory right" and; 2) "whether the constitutional or statutory right allegedly violated by the defendant was clearly established." *Id*. In considering the second step under a specific set of facts, it is necessary to determine "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202 (2001). "If the law did not put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate." *Id*. Although qualified immunity is generally a question of law, a genuine issue

of material fact may preclude summary judgment based on qualified immunity. *Giles*, *supra,* 571 F.3d at 326.

The defendants assert that they are entitled to qualified immunity because no physical assault on the plaintiff, and therefore no violation of a constitutional or statutory right, took place. They maintain that the evidence they have presented sufficiently demonstrates this. However, the plaintiff has presented evidence to the contrary in the form of his affidavit.[3] There are genuine factual disputes about what happened. Under the plaintiff's version of the facts, it would have been clear to a reasonable officer that the force used was unlawful. Thus, the defendants are not entitled to summary judgment.

Accordingly, it is recommended that the defendants' motion (doc. 24) for summary judgment be denied. It is further

---

3. The defendants ask this court to weigh the credibility of the plaintiff's evidence. However, "[i]n considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence." *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004).

recommended that the case be remanded to the undersigned for further proceedings.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: October 7, 2010.