```
                    UNITED STATES DISTRICT COURT
                FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KENNETH WINSTON ASHFORD,         : CIVIL NO: 1:10-CV-00264
                                 :
          Plaintiff              :
                                 : (Judge Conner)
     v.                          :
                                 : (Magistrate Judge Smyser)
                                 :
SHERIFF SHAWN BRADY and          :
DEPUTY SHERIFF LEAS,             :
                                 :
          Defendants             :
```

**REPORT AND RECOMMENDATION**

The plaintiff, a state prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint on February 4, 2010.

The complaint names as defendants the following individuals identified as members of the Sheriff's Office of York County: 1) Shawn Brady; 2) John D. Brenneman; 3) Deputy Leas; 4) Rodger Johnson; 5) Deputy McCune; and 6) Cyprian Igwe.[1]

The plaintiff alleges the following in his complaint.

---

1. The caption of the complaint also lists John Does as defendants. However, the body of the complaint does not mention any John Does.

On March 17, 2008 at about 3:00 a.m., defendant Brady approached the plaintiff while the plaintiff was walking down the alley next to the York County Courthouse. Defendant Brady exited his vehicle, deployed his baton and ordered the plaintiff to the ground. The plaintiff proceeded to lay on the ground and defendant Brady sat on his back and handcuffed him. Defendant Brady then struck the plaintiff on the head rendering the plaintiff unconscious. The incident was recorded on a surveillance tape.

Defendant Brenneman "surveilled" the plaintiff the whole time. Defendant Brenneman entered into a conspiracy to frame the plaintiff for an attempted burglary of the York County Courthouse even though he knew that the person who was at the courthouse door is caucasian and that the plaintiff is black.

While in the booking area, the plaintiff was awakened by being punched in the chest by defendant Leas. Defendant Leas lifted the plaintiff off the floor choking the plaintiff with the plaintiff's sweatshirt. Defendant Leas then lowered the plaintiff to his toes and slammed the plaintiff's face into an elevator wall. There is a video of this incident.

2

Defendant Johnson received copies of the surveillance tape and failed to report the assault on the plaintiff or the frame up of the plaintiff.

Defendant McCune altered the surveillance tape and tampered with evidence to obtain a conviction. The plaintiff's mother has a DVD of the assault and frame up.

Defendant Igwe collected evidence near the courthouse door. Defendant Igwe testified that he took a hat, gloves and a screwdriver to booking to be logged as evidence. The hat and gloves have been destroyed so that the plaintiff could not have DNA tests performed to prove his innocence.

As relief, the plaintiff is seeking to have the "sheriffs" removed from their positions. In addition, the plaintiff is seeking compensatory damages for assault, excessive force, failure to intervene when excessive force was being used, framing the plaintiff for a crime of which he is innocent and tampering with and altering evidence.

On April 30, 2010, the defendants filed an answer to the complaint.

By an Order dated May 5, 2010, all of the plaintiff's claims against all of the defendants were dismissed except the plaintiff's Fourth Amendment excessive force claims against defendants Brady and Leas.

A Case Management Order was filed on May 6, 2010, which *inter alia* set a discovery deadline of November 5, 2010 and a dispositive motions deadline of January 7, 2011.

The defendants filed a motion for summary judgment on August 5, 2010. By a Report and Recommendation dated October 7, 2010, the undersigned recommended that the defendants' motion for summary judgment be denied and that the case be remanded to the undersigned for further proceedings. By an Order dated December 1, 2010, Judge Conner adopted the Report and Recommendation, denied the defendants' motion for summary judgment and remanded the case to the undersigned for further proceedings.

On January 3, 2011, the plaintiff filed a motion for summary judgment and a brief in support of that motion.[2] On January 6, 2011, the defendants filed a brief in opposition to the plaintiff's motion and a response to the plaintiff's concise statement of material facts.[3] The plaintiff has not filed a reply brief.

"'Summary judgment is proper if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law.'" *The Circle School v. Pappert*, 381 F.3d 172, 177 (3d Cir. 2004)(quoting *Pi Lambda Phi*

---

2. The documents filed by the plaintiff on January 3, 2011 are titled "Plaintiff's Brief for Judgment Sought for Summary Judgment" and "Plaintiff's Brief in Support of Judgment Sought for Summary Judgment." Although neither document is titled as a motion, the Clerk of Court docketed one of the documents as a motion. The defendants have construed the documents filed by the plaintiff as a motion for summary judgment and brief in support. We construe the documents as a motion for summary judgment and brief in support.

3. The plaintiff did not file a separate concise statement of material facts as required by Local Rule 56.1. Rather, the plaintiff's concise statement of material facts is a part of his motion.

*Fraternity, Inc. v. Univ. of Pittsburgh*, 229 F.3d 435, 441 n.3 (3d Cir. 2000)).

The Fourth Amendment protects a citizen against unreasonable use of force in connection with an arrest, investigatory stop or other seizure. *Graham v. Connor*, 490 U.S. 386 (1989). The question under the Fourth Amendment is whether the officer's use of force was objectively reasonable under the circumstances. *Id*. at 397.

In connection with the defendants' prior motion for summary judgment we determined that there are genuine factual disputes about what happened during and after the plaintiff's arrest. That determination has not changed.

The plaintiff contends that the defendants have lied to the court and thus their affidavits should not be considered. "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358

6

F.3d 241, 247 (3d Cir. 2004)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). The fact that the plaintiff disagrees with the statements made by the defendants in their affidavits highlights that there are genuine factual disputes.

The factual disputes about what happened during and after the plaintiff's arrest are material to the question whether any force used was objectively reasonable under the circumstances.

Since there are genuine material factual disputes and the plaintiff is not entitled to judgment as a matter of law, the plaintiff is not entitled to summary judgment.

Based on the foregoing, it is recommended that the plaintiff's motion (doc. 39) for summary judgment be denied and that the case be listed for trial.


                                              ***/s/ J. Andrew Smyser***
                                              J. Andrew Smyser
                                              Magistrate Judge

Dated: February 11, 2011.