```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


KENNETH WINSTON ASHFORD,           : CIVIL NO: 1:10-CV-00264
                                   :
             Plaintiff             : (Magistrate Judge Smyser)
                                   :
      v.                           :
                                   :
                                   :
SHERIFF SHAWN BRADY and            :
DEPUTY SHERIFF LEAS,               :
                                   :
             Defendants            :
```

## MEMORANDUM AND ORDER

**Background**.

The complaint was filed on February 4, 2010. By Order of May 6, 2010 (Doc. 17) all claims as to all defendants were dismissed except for the plaintiff's claims against defendants Brady and Leas that these defendants used unreasonable force against the plaintiff on March 17, 2008.

A non-jury trial was held on May 2, 2011. The witnesses were Kenneth Ashford, Eloise White, Shawn White, Dennis Leas, Cyprian Igwe, David Von Kronge, Dr. Donna Fehrenbach, Shawn Brady and John Brenneman. Exhibits were admitted, as indicated upon the Clerk's Exhibit Listing.

The plaintiff has not submitted proposed findings of fact or proposed conclusions of law.  The defendants submitted proposed findings of fact and proposed conclusions of law (Doc. 56) prior to the trial and waived an opportunity to submit supplemental proposed findings and conclusions after trial.

Pursuant to Rule 52 of the Federal Rules of Civil Procedure, the material findings of fact and conclusions of law are set forth in the following pages.

**Findings of Fact**.

The following facts are found based upon the evidence:

1.  On March 17, 2008 at about 3:00 a.m. Kenneth Ashford, the plaintiff, was arrested by defendant Shawn Brady in the alley way behind the York County Judicial Center in York, Pennsylvania.

2.  Defendant Brady arrested the plaintiff on the basis of evidence that the plaintiff had attempted to break into the York County Judicial Center.

2

     3.   Defendant Brady effected the arrest of the plaintiff by ordering the plaintiff to stop walking and to lie down on the pavement.

     4.   Defendant Brady displayed his baton when the plaintiff did not comply with defendant Brady's directive to the plaintiff to stop walking and to lie down.

     5.   When defendant Brady displayed his baton, the plaintiff did stop walking and did lie down.

     6.   Defendant Brady cuffed the plaintiff's hands behind his back.

     7.   When the plaintiff had been handcuffed and patted down, and after defendant Leas had arrived, defendants Brady and Leas assisted the plaintiff to his feet by providing support under the plaintiff's arms to bring him to a standing position and assisted the plaintiff in walking several steps to be seated in defendant Brady's patrol car.

    8.  The plaintiff does not have a personal recollection of any use of striking force or of a punching force upon him by defendant Brady.

    9.  Defendant Brady did not punch or strike the plaintiff in effecting the arrest of the plaintiff on March 17, 2008.

    10.  Defendant Leas did not strike or punch the plaintiff when he assisted defendant Brady in moving the plaintiff from his supine position on the pavement to the patrol vehicle on March 17, 2008.

    11.  The plaintiff was transported by defendant Brady to the booking area located in the Judicial Center.

    12.  The plaintiff acted as though he was unconscious when he was in the booking area.

    13.  Defendant Brady asked defendant Leas, who is an EMT, to examine the plaintiff because of the plaintiff's behavior.

14. Defendant Leas used a "sternum rub" to attempt to heighten the state of alertness and attentiveness of the plaintiff.

15. A "sternum rub" consists of using the knuckles to cause a degree of pain at the subject's sternum area by a vigorous and forceful rubbing of that area with the knuckles. It causes pain at a level that is calculated to determine whether the subject is conscious or can be brought to consciousness.

16. The sternum rub used by Leas on the plaintiff succeeded in causing the plaintiff to become more alert. The plaintiff communicated to Leas, stating "let me sleep."

17. Defendant Leas removed the plaintiff's shoes and sweatshirt. Defendant Leas placed shackles on the plaintiff.

18. Defendant Leas did not slam the plaintiff into an elevator wall.

19.  At about 8:54 a.m. on March 17, 2008, EMTs arrived at the booking area.  The plaintiff stated to them that the police had beat him up.  The plaintiff complained of pain at his chest (sternum) area.

20.  The plaintiff had observable redness at his sternum area when he was examined by the EMTs at about 9:00 a.m. in the booking area.

21.  After the plaintiff was released on bail at 10:00 a.m. on March 17, 2008, he went to the Memorial Hospital Emergency Room.  He was examined.  There was no evidence of fractures or of acute intracranial pathology or of acute inflammatory or congestive pulmonary pathology.

**Discussion**.

The issue whether the defendant used excessive force against the plaintiff calls upon the court to decide whether, in light of the facts and circumstances facing each defendant, the actions of the defendant were objectively reasonable. *Graham v. Conner*, 490 U.S. 386 (1989); *Curley v. Klem*, 298 F.3d 271, 279 (3d Cir. 2002).

6

The threshold factual issue as to defendant Brady is whether he used striking or punching force as the plaintiff claims he did. If he did not use striking or punching force, other issues as to defendant Brady are not presented. The plaintiff infers from circumstances that defendant Brady used striking and punching force upon the plaintiff. The plaintiff does not have a personal recollection of Brady striking or punching him. The plaintiff infers, from the fact that he does not remember the events of the early morning hours of March 17, 2008 after he obeyed defendant Brady's command to him to lie down, that he had been rendered unconscious by an agency such as a blow to the head. He bases his claim that defendant Brady used striking force against him upon also his memory that he viewed a videotape in which he saw actions by defendant Brady that he saw as Brady using striking force against him. He bases his claim upon also injuries that he considered himself to have when, later on March 17, 2008, he went to the hospital and stated that he had been beaten by the police.

The video recordings of the interaction between the plaintiff and defendant Brady do not support the plaintiff's claim or his recollections that striking or punching force was

7

used.  The medical report of Dr. Fehrenbach also does not support his claim or his recollection.

The plaintiff was not credible in his assertion that striking force or punching force was used against him by defendant Brady because he does not have a personal recollection of it, because Dr. Fehrenbach's examination did not confirm it, because the plaintiff does not corroborate his assertion that the use of striking force is depicted in a video recording by producing such a recording or reasonably explaining his inability to produce such a recording, and because other aspects of his testimony about what occurred during the early morning hours of March 17, 2008 caused this fact finder to doubt his credibility.

Defendant Brady was credible in his denial of having used either striking force or punching force.  His account was corroborated by defendant Leas who was present shortly after the plaintiff was on the pavement.  His account was corroborated by Deputy Sheriff Cyprian Igwe who was also present shortly after the plaintiff was on the pavement.

8

Defendant Leas' use of the knuckles-to-breastbone "sternum rub" is not seen under the circumstances here presented to have been an unreasonable use of force.

**Conclusions of Law**.

1. The plaintiff did not prove by a preponderance of the evidence that defendant Brady used unreasonable or excessive force against the plaintiff on March 17, 2008.

2. The plaintiff did not prove by a preponderance of the evidence that defendant Leas used unreasonable or excessive force against the plaintiff on March 17, 2008.

3. Defendant Brady is entitled by law to a verdict in his favor upon the claims of the plaintiff.

4. The use of a sternum rub by defendant Leas to attempt to determine whether the plaintiff was in a state of consciousness (and feigning unconsciousness) or (if in a state of unconsciousness) amenable to restoration to a state of consciousness was in the circumstances presented to defendant Leas not an unreasonable use of force.

5. Defendant Leas did not use force of an unreasonable degree during his interactions with the plaintiff on March 17, 2008.

6. Defendant Leas is entitled by law to a verdict in his favor upon the claims of the plaintiff.

**Order**.

Accordingly, **IT IS ORDERED** pursuant to Rule 58 of Rules of Civil Procedure that judgment be entered by the Clerk against the plaintiff and in favor of defendants Brady and Leas and that the case be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  May 10, 2011.

10